IN THE OREGON TAX COURT

J. R. WIDMER, INC.
*v.*
DEPARTMENT OF REVENUE
(TC 2163)

Steven M. Cyr, Knappenberger, Tish, Poole, Cyr & Moe, Portland, represented plaintiff.

Ira W. Jones, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for plaintiff rendered January 24, 1985.

**ROBERT J. HUCKLEBERRY, Judge Pro Tem.**

THE FACTS

The evidence in this case is not materially in dispute. The parties agree that the Plaintiff, J. R. Widmer, Inc., an Oregon Corporation, owns, manages and sells real property situated in Multnomah County. It is agreed that income from these properties is indeed subject to the Multnomah County Business Income Tax (*hereinafter,* MCBIT). The dispute centers around whether the interest and investment income generated from proceeds from the sale and rental of real property

of the plaintiff is subject to MCBIT. This income has been described by both sides as "passive income."

It is clear from the evidence that the plaintiff's principal business is the management and sale of real property. Plaintiff's president testified that income has indeed been generated from the rental and the sale of corporate properties, with the proceeds therefrom being held within the corporation itself, invested or placed in accounts generating interest or dividend income. This interest and dividend income has been included on the MCBIT returns, but plaintiff's claimed exemption under the Multnomah County Code (*hereinafter;* The Code) Chapter 5.70.060(3) precipitated this litigation when disallowed by the Department of Revenue.

The evidence presented demonstrated that these investments produced income for the corporation.

## THE CODE

In pursuit of their respective positions, both counsel have sought differing applications by the Court of certain Code provisions. The following provisions of The Code deserve repetition, and are set forth below.

"MCC 5.70.010(A): 'Business' means all activities, whether related or unrelated, of a person in doing business, including services performed by an individual for remuneration, but does not include wages earned as an employe.

"MCC 5.70.010(B): 'To do business' means to engage in any activity in pursuit of gain, including but not limited to any transaction involving the sale or rental of property, the manufacture or sale of goods or the sale or rendering of services other than as an employe. To do business includes activities carried on by a person through officers, agents or employes as well as activities carried on by a person on his own behalf.

"MCC 5.70.015: *'Income' defined; determination of income.* For the purposes of this chapter, unless the context requires otherwise: 'income' means the net income of the taxpayer arising from any business as required to be reported to the State of Oregon for personal income or corporation excise or income tax purposes * * *.

"MCC 5.70.060: Exemptions. The following are exempt from the requirements of this chapter:

"(A)  Activities consisting of:

"(1)    Sales, exchanges or involuntary conversions of real property not held in the ordinary course of trade or business, unless the real property is used in the trade or business in connection with the production of income;

"* * * * *

"(3)    Interest and dividends from investments which are not part of a trade or business and gains or losses incurred from the sale of investments which are not part of a trade or business; * * *."

It is clear that in applying the foregoing Code provisions to the facts of this case, the plaintiff "does business" within the meaning of MCC 5.70.010(B). It is also clear that but for the Code exemptions detailed above, the interest and dividend income would be taxable within the meaning of MCC 5.70.015. The case thus resolves itself down to whether the exemption set forth in MCC 5.70.060(3) applies to the "passive income" of the plaintiff corporation.

## CONCLUSIONS

I believe this case turns on the factual assessment of the true nature of the plaintiff's business. The evidence presented is that the plaintiff's business is the management, rental and sale of real property, not investing.

The simple solution to this case would be to take the defendant's position that "once plaintiff becomes subject to MCBIT all of its income is taxalbe [sic] under MCC 5.070.015." (Defendant's Brief at 5, lines 13-14.) By following this logic to its ultimate destination, the need would cease *ab initio* to examine the equally important exemption provisions of The Code if the plaintiff were subject to MCBIT solely on the basis that plaintiff "did business" within the definition of MCC 5.70.010(B).

Both the plaintiff and defendant cite to the court the cases of *Continental Trading, Inc. v. Comm.,* 265 F2d 40 (6th Cir 1959) (hereinafter *Continental*), and *Higgins v. Comm.,* 312 US 212, 61 S Ct 475, 85 L Ed 783 (1940), (hereinafter *Higgins*). In *Continental* the court stated, in pertinent part, "it is fair to say that it is settled law that the mere management of investments * * * interest, and dividends is insufficient to constitute the carrying on of a trade or business." *Continental,* at 43. If this be the standard, then as a matter of law the plaintiff

is not "doing business" by virtue of its investing, and therefore is not subject to MCBIT. I believe, however, that the method employed by The Code in its definition of "doing business" could include the activities of a legal person whose sole business purpose is investing.

It is at this point that the case at bar turns on its facts. I cannot find from the evidence presented at trial that the plaintiff is in the business of investing. It is recognized by this court that in the Small Claims Division of the Oregon Tax Court *B & D Development Co. v. Dept of Rev.,* SC-1368 (1982) (which decision this court recognizes as not binding as precedent), Judge Roberts held, on facts much in line with those presented in *J. R. Widmer v. Dept. of Rev.,* to the contrary. However, I believe it essential that unless there be clarification within The Code itself covering a situation such as that presented at bar, it becomes absolutely necessary to factually examine the posture of the business to make a determination of whether the taxpayers activities fall within the exemptions provided in The Code.

The facts of this case demonstrate to the court's satisfaction that the plaintiff's business activities are limited to the sale, rental and management of real property and, therefore, the exemption provided for in MCC 5.70.060(3) should not have been disallowed.

The judgment in this case will be for the plaintiff. Plaintiff is directed to prepare an order in conformance with the decision of the court.